Mr. Chief Justice Johnson delivered the opinion of the court. This is an application of Farrelly to recall and vacate the su-persedeas heretofore awarded by this court. The petitioner asked that the transcript filed in this court in the case of Terence Far-relly assignee of Richard C. Byrd against Edward Cross upon a writ of error should be taken as a part of his petition. This transcript the court have taken and upon it the matter in controversy between the parties will be settled, as the opposite party has come in voluntarily by his attorney and entered his appearance and contested the right claimed by the petitioner. The first objection taken to the application is that this court in the case of Cross, Ex parte, reported in the 2d vol. of English’s Rep. 44, by awarding the supersedeas, have concluded themselves from any other or further enquiry into the validity of the judgment upon which the execution then superseded was founded. It is assumed that the decision then made must be regarded as the law of the case, and that we are not now at liberty to go behind it and ascertain whether the judgment is capable of being enforced. We do not so consider it. The action of this court upon a mere ex parte application for a supersedeas cannot be said to have the force and effect of a j udgment after the lapse of the term at which it was rendered. The Constitution confers the power of granting writs of supersedeas alike upon the Judges in vacation as upon the Court in term time, and the fact that it is awarded by the court, cannot impart to it the attributes of a judgment any more than if it had been done by the Judge in vacation. It is wholly immaterial by whom the writ may be awarded; it cannot, in its very nature, be regarded as anything more than a mere restraining order, and of course subject to be set aside and vacated upon a sufficient showing that it has been improperly issued. The case of Cross et al. Ex parte, reported in 2 English was a mere ex parte application, and in such a case all that this court could legally do would be to stay and supersede the process, and that is as much as could be claimed under that adjudication. It is admitted that the court in passing upon the merits of the application in that case, assigned as a reason for granting the writ, that the j udgment was vo id. This, of course, had exclusive reference to, and was predicated solely upon the showing made by the petitioner, and consequently could not be so construed as to extend back and actually set aside and vacate the judgment upon which the process was based. This court possesses no power to vacate a judgment upon a mere ex parte showing, but could duly do so when both parties are regularly before it. It is clear therefore that the rule contended for in regard to the order for a supersedeas can have no application to this case. It is a mere restraining order whether made by the court in term or the judge in vacation, and cannot be said to possess the qualities of a solemn judgment rendered upon the merits. The next objection is that the transcript exhibited by Cross et al. upon their application for the supersedeas is entitled to as much consideration from this court as the one now presented. We, as a matter of course, cannot determine as to the time or manner of the amendment which is disclosed upon the present transcript, yet charity to all, and we think the law also, would presume that'both transcripts told the truth. The return upon the original writ might have been defective at the time the first transcript was taken, and yet inasmuch as that defect consisted in a matter of fact, that fact might have been supplied by the proper officer before the taking of the second. True it is that the record wholly fails to show any special leave to make such amendment: yet in support of the judgment we will presume that such leave was given. We will here take occasion to remark upon the impropriety of the practice of allowing amendments by interlineation. It should never be allowed as it manifestly opens a wide door for fraudulent practices. In all cases where amendments are allowed in a return of an officer, he should be required to spread out a full return embracing the additional facts, and in case the proposed amendment shall concern a matter of record, it should only be done by an order setting aside the defective one, and not, as is the usual practice, of drawing lines across or expunging it. By this course the integrity and inviolability of the public records of the country may be secured, and the rights of the citizens fully protected. We are clear therefore that the writ of supersedeas heretofore issued by this court was without the warrant of law, and consequently ought to be recalled and held for nought. Supersedeas recalled.